DECISION AND JUDGMENT ENTRY
{¶ 1} This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas and arises from the following facts.
 {¶ 2} On October 6, 1998, the decedent, Marissa Johnson, was fatally injured in a motor vehicle accident. Jason Miner, the driver of the automobile in which Marissa was a passenger, also sustained fatal injuries. At the time of the accident, Miner had motor vehicle liability coverage with Progressive Insurance Company with a $100,000 per person limit. On May 6, 1999, Steven Johnson, Marissa's father and administrator of her estate, settled and released the claim against Miner's estate for the limit, $100,000, of the Progressive policy.
 {¶ 3} Marissa is survived by her father, and her mother, Sharon, and her siblings, Heather and Nicholas. During the relevant period, appellants held three motor vehicle insurance policies with State Farm Mutual Automobile Insurance Company ("State Farm"). These policies have either a $25,000 or a $100,000 per person limit of underinsured/uninsured motorist coverage.
 {¶ 4} In addition, at the time of the accident, Steven was employed by Solar Cells, Inc. Solar Cells, Inc. held two commercial insurance policies issued by appellee, Hartford Fire Insurance Company ("Hartford"). The primary policy includes a motor vehicle policy. The single limit of this policy is one million dollars for "Covered Autos" and provides uninsured motorist coverage (as defined in the policy). The Hartford umbrella policy has a limit of four million dollars per occurrence, but it does not include an underinsured/uninsured motorist endorsement.
 {¶ 5} On October 6, 2000, Steven, in his individual capacity and as the administrator of his daughter's estate, Sharon, Heather, and Nicholas filed a wrongful death/survivorship/declaratory judgment action in the common pleas court. State Farm, Hartford, and Kemper Insurance Company were named as the defendants in the action. Appellants later voluntarily dismissed their claim against Kemper Insurance Company, without prejudice.
 {¶ 6} In their complaint, appellants requested a declaratory judgment finding that they were entitled to underinsured/uninsured motorist coverage under the State Farm and Hartford insurance policies. They also sought compensatory damages on their survivorship and wrongful death claims. Appellants, State Farm, and Hartford each filed motions for summary judgment. The trial court first granted State Farm's motion for summary judgment and dismissed appellants' claim against that insurance company. In its motion for summary judgment, Hartford asserted that appellants were not entitled to underinsured/uninsured motorist coverage under either Solar Cell's primary business auto insurance policy or its umbrella policy because they breached the provisions in the policies requiring: (1) "prompt notice," of their claim; and (2) prompt notice of a tentative settlement of their claim against the tortfeasor thereby failing to preserve Hartford's subrogation rights.
 {¶ 7} On July 23, 2002, the trial court granted Hartford's motion for summary judgment and denied appellant's motion for summary judgment. In its judgment, the common pleas court first observed that Hartford conceded that, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660 and its progeny, appellants were insureds under the terms of the primary policy. Nonetheless, the court found that appellants breached a material duty set forth in the primary commercial motor vehicle insurance contract by failing to provide Hartford with notice of their tentative settlement with the tortfeasor "which would have allowed Hartford to advance payments to the plaintiffs and thereby to protect its subrogation rights." As to the umbrella policy, the court held that underinsured/uninsured motorist coverage was not afforded to appellants because the umbrella policy excluded coverage for injury or damage that would have been covered by the underlying insurance but for appellants' failure to comply with any condition of the underlying policy.
 {¶ 8} Appellants appeal this judgment and assert the following assignment of error:
 {¶ 9} "The trial court erred to the prejudice of plaintiffs-appellants when it granted judgment to Hartford Fire Insurance Company on Hartford's motion for summary judgment on the primary and umbrella policies."
 {¶ 10} For the following reason, we will not address the merits of appellants' assignment of error at this time.
 {¶ 11} In accordance with Civ.R. 56, summary judgment may be granted only if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65.
 {¶ 12} During the pendency of this appeal, the Ohio Supreme Court decided Ferrando v. Auto-Owners Mut. Ins. Co. (2002), 98 Ohio St.3d 186, a case involving the breach of the prompt notice and subrogation provisions in a motor vehicle insurance policy. Both parties argued the import of Ferrando during oral argument. In addition, appellants filed additional authorities in support of their argument on these issues. Because Ferrando changed the law governing the alleged breaches in this cause, we must conclude that genuine issues of material fact exist. Id. at 211.
 {¶ 13} In Ferrando, the court considered both the prompt notice and subrogation provisions of a motor vehicle insurance. The court held at paragraphs one and two of the syllabus:
 {¶ 14} "1. When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
 {¶ 15} "2. When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988],36 Ohio St.3d 22, 521 N.E.2d 447, paragraph four of the syllabus, overruled in part.) "
 {¶ 16} Under these holdings, a court is required to employ a two step analysis. Id. at 208. Step one requires the court to determine that an actual breach occurred. Id. If a breach did occur, the second step involves an inquiry into whether the insurer was prejudiced so that underinsured/uninsured "coverage must be forfeited." Id.
 {¶ 17} In cases based upon late notice of a claim, the court must consider whether the insurer was notified "`within a reasonable time in light of all surrounding facts and circumstances'." Id. quoting Ruby v.Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, syllabus. If notice was timely under this test, the provision was not breached and underinsured/uninsured motorist coverage is available. Id. If, however the insurer did not receive reasonable notice of a claim, the court must consider whether the insurer was prejudiced by the claim. Id. Unreasonable notice gives rise to a presumption of prejudice to the insurer; therefore, the insured bears the burden of presenting rebuttal evidence. Id.
 {¶ 18} In cases based on subrogation rights, the court must first consider whether the provisions related to subrogation were actually breached. If not, coverage exists. Id. If the relevant provision was breached, the trial court must determine whether the insurer was prejudiced. Id. Again, a presumption of prejudice arises from the breach, and the insured bears the burden of presenting evidence to the contrary. Id.
 {¶ 19} In the present case, the common pleas court opted to rest its decision on a breach of the consent-to-settle provisions in the Hartford primary policy related to a breach of Hartford's subrogation rights and, thus, did not address the "prompt notice" of a claim issue raised by Hartford. Because the court did not anticipate the need to consider the question of prejudice to Hartford in regard to the breach of the subrogation provision, we must remand this cause for the purpose of determining that issue. See Id. at 211; Cincinnati Ins. Co. v. Carroll,
2003-Ohio 573 (Sixth District Court of Appeals on an application for reconsideration). Accord, Stout v Travelers Property Cas. Ins. Co.,2003-Ohio-1643 (Tenth District Court of Appeals); Swanson v. Kidd,2003-Ohio-1053 (Second District Court of Appeals); Thacker v. CenturyMut. Ins. Co., 2003-Ohio-1200 (Fourth District Court of Appeals; Pelc v.Hartford Fire Ins. Co., 2003-Ohio-764 (Fifth District Court of Appeals).
 {¶ 20} Based on the holding in Ferrando, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this judgment. Appellants and Hartford are ordered to pay, in equal shares, the costs of this appeal.
 JUDGMENT REVERSED. Peter M. Handwork, P.J., Judith Ann Lanzinger, J., Arlene Singer, J., JUDGE, CONCUR.